IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANE NJUGUNA, as Personal Representative of the Estate of GIDEON GACHOHI, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. CV-19-379-R<br>) |
| C.R. ENGLAND, INC., *et al.*, | )<br>) |
| Defendants. | )<br>) |
| C.R. ENGLAND, INC. a Utah Corporation, EDUARDO HAMRICO, an individual, | )<br>)<br>)<br>) |
| Third-Party Plaintiffs, | ) |
| MOHAMMAD HAJI MOHAMUD, *et. al.*, | )<br>)<br>) |
| Third-Party Defendants. | )<br>) |

## ORDER

Before the Court is Defendant C.R. England, Inc's ("C.R. England") Motion for Judgment on the Pleadings. Doc. No. 60. Plaintiff Jane Njuguna ("Plaintiff") filed a response, Doc. No. 62, and C.R. England then filed a Reply. Doc. No. 65. The Court finds as follows.

On or about January 14, 2017, Gideon Gachohi drove eastward on I-40 while Eduardo Hamrico allegedly sat parked on the roadway in a tractor-trailer truck driven for C.R. England. Doc. No. 1-3, p. 6. According to the Petition, Gachohi struck the rear of

Hamrico's truck before being hit from behind by a different vehicle. *Id.* The multi-vehicle crash resulted in Gachohi's death. Doc. No. 60, p. 2. His wife, Plaintiff, filed this action on behalf of his estate on January 11, 2019 in state court in Oklahoma County. Doc. No. 1–3, p. 6.

C.R. England and Eduardo Hamrico removed the action to this Court on April 26, 2019. Doc. No. 1. C.R. England then stipulated to the agency of its driver, Hamrico, imputing its liability under the theory of *respondeat superior* if Hamrico is found to be negligent. Doc. No. 50, ¶ 3(c). Now, C.R. England moves for judgment on the pleadings regarding all direct negligence claims against it, arguing that its stipulation renders such claims superfluous. Doc. No. 60, p. 1.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard of review under Fed. R. Civ. P. 12(c) is "the standard of review applicable to a Rule 12(b)(6) motion to dismiss." *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005) (internal quotation marks omitted).

Accordingly, the Court accepts the facts pled by the non-movant as true and grants all reasonable inferences from the pleadings in favor of that party. *Park University Enterprises, Inc. v. American Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (abrogated on other grounds). When the "moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law," the

motion for judgment on the pleadings should be granted. *Id.* (internal quotation marks omitted).

C.R. England moves for judgment on the pleadings as to all "direct negligence claims asserted against it by Plaintiff." Doc. No. 60, p. 1. C.R. England further explains that those direct negligence claims include claims of "negligent 'hiring,' 'training,' 'retention,' 'supervision' […]."[1] *Id.* n. 1.

In Oklahoma, plaintiffs cannot advance certain negligence claims directly against defendant-employers when the employer stipulates to its liability under the theory of *respondeat superior*. *See Jordan v. Cates*, 935 P.2d 289, 291, 293 (Okla. 1998). In *Jordan,* the Oklahoma Supreme Court explained that a defendant's stipulation to an agency relationship renders direct negligence claims against the defendant superfluous. *Id.* at 293. A recent Oklahoma Supreme Court decision, *Fox v. Mize*, 428 P.3d 314 (Okla. 2018), calls into question the breadth of *Jordan* because in *Fox*, the Court allowed a plaintiff to advance a negligent entrustment claim against a defendant-employer that had stipulated to *respondeat superior* liability.

C.R. England argues that *Jordan* requires the Court to "grant judgment in its favor as to all 'direct negligence' claims asserted against it." Doc. No. 60, p. 1. Plaintiff asks the Court to "make an *Erie*-guess," decide that *Fox* scaled back *Jordan*'s holding, and allow all claims to proceed. Doc. No. 62, p. 2. The Court agrees with C.R. England for the following reasons.

---

[1] Defendant expressly excludes the *respondeat superior* claim after stipulating to its potential vicarious liability in Doc. No. 50. It also excludes the negligent entrustment claim from its motion, explaining that "this one claim will be addressed separately through a motion for summary judgment. Doc. No. 60, pp. 1-2, n. 1.

In *Jordan*, a store visitor sought to recover—after alleging that a store employee assaulted and battered him—from the employer under both the theory of *respondeat superior* and directly alleging negligent hiring and retention of the employee. 935 P.2d at 291. The employer admitted its *respondeat superior* liability if the jury found the employee liable. *Id.* at 292. The trial court granted, and the Oklahoma Supreme Court upheld, summary judgment for the employer on the negligent hiring and retention claims, *id.*, explaining that

> [T]he theory of negligent hiring and retention is available in a nonvicarious liability case or in a case where vicarious liability has not been established. In the case at bar, vicarious liability has been established through stipulation.
>
> ...
>
> Our holding today is limited to those situations where the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine, thereby making any other theory for imposing liability on the employer unnecessary and superfluous. Because vicarious liability can include liability for punitive damages, the theory of negligent hiring and retention imposes no further liability on employer.

*Id.* at 293.

As another judge in this district recently noted, "[t]wo years [after *Jordan*], the Oklahoma Supreme Court reiterated this limitation on employer liability[,]" explaining that direct liability through negligent hiring, supervision, or retention is available "*if* vicarious liability is not established." *Sinclair v. Hembree & Hodgson Constr., L.L.C.*, No. CIV-18-938-D, 2020 WL 3965010, at *3 (W.D. Okla. July 13, 2020) (emphasis added); *N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999).

Plaintiffs argue that *Fox* "articulated a new paradigm in Oklahoma in which to consider 'direct negligence' claims separate from vicarious liability." Doc. No. 62, p. 1. In *Fox*, the Oklahoma Supreme Court concluded that negligent entrustment cases are distinct from *respondeat superior* liability. 428 P.3d at 322 (explaining that "[a]n employer's stipulation that an accident occurred during the course and scope of employment does not, as a matter of law, bar a negligent entrustment claim.").

Here, however, C.R. England moved for judgment on the pleadings only as to the claims of negligent hiring, retention, training and supervision. Doc. No. 60, p. 1. Therefore, C.R. England argues, *Fox* is not controlling because a negligent entrustment claim is not at issue. Doc. No. 65, pp. 2–3. Plaintiff responds that in *Fox*, the court addressed the tension in its case law when it explained:

> We recognize the tension in our case law in this regard. … However, the issue is not currently before us on appeal. We do take this opportunity, however, to expressly state that, for now, the holding in *Jordan* is limited to its facts.

*Fox*, 428 P.3d at 322, n. 12.

Even though the *Fox* court expressed concern with an expansive view of *Jordan*, it "did not decide whether a negligent hiring claim should be treated differently than a negligent entrustment claim because that issue was not before it." *Sinclair*, 2020 WL 3965010, at *3, n. 4 (citing *Fox*.); *see also Annese v. U.S. Xpress, Inc.*, No. CIV-19-655-C, 2019 WL 1246207, at *3 (W.D. Okla. Mar. 18, 2019) (explaining its dismissal by stating that the "claim at issue in *Jordan* was a negligent hiring claim—the same claim at issue here.").

Various judges in this district have reiterated the Court's obligation to follow *Jordan* when it is applicable, and this Court must do the same. *See, e.g.*, *Sinclair*, 2020 WL 3965010, at *3, n. 4 (J. DeGiusti) (explaining that "*Jordan v. Cates* has not been overruled and remains good law, and the Court must follow it."); *Annese*, 2019 WL 1246207 at *3 (J. Cauthron) ("[*Jordan*] remains good law and, in applying Oklahoma law, this Court is bound to follow it."); *Thurmond v. CRST Expedited, Inc.*, No. CW-18-1142-R, 2019 WL 6311996, at *1 (W.D. Okla. Nov. 25, 2019) (J. Russell) (concluding that a negligent hiring claim is superfluous where an employer stipulates to an agency relationship with its employee at the time of the accident); *Warner v. Miller*, 2017 WL 11556453, at *2 (W.D. Okla. Feb. 10, 2017) (J. Heaton) (explaining that the role of the Court is to apply [Oklahoma law] in accordance with the guidance and dictates of Oklahoma courts."). In *Jordan*, the plaintiff brought negligent hiring and retention claims and the defendant stipulated its agency relationship with the employee. 935 P.2d at 291, 293. Similarly, here, C.R. England seeks judgment on the pleadings only as to the negligent hiring, retention, training and supervision claims and C.R. England stipulated to an agency relationship with Hamrico. Doc. No. 50, ¶ 3(c).

Therefore, *Jordan* controls and C.R. England's stipulation to its agency relationship with the employee renders the claims of negligent hiring, supervision, retention and training superfluous, and thus, C.R. England is entitled to judgment on the pleadings as to these claims. 935 P.2d at 291, 293.

For these reasons, Defendant's Motion for Judgment on the Pleadings (Doc. No. 60) is GRANTED in its entirety.

**IT IS SO ORDERED** on this 20th day of October 2020.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE