**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JANE NJUGUNA, Individually** | ) | |
| **and as Surviving Spouse of** | ) | |
| **GIDEON GACHOHI, Deceased,** | ) | |
| **and as heir to and Personal** | ) | |
| **Representative of the Estate of** | ) | |
| **Gideon Gachohi, and as Next Friend** | ) | |
| **And Mother of D.N. and N.N.,** | ) | |
| **Minor children of Gideon Gachohi,** | ) | |
| **Deceased,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-19-379-R** |
| | ) | |
| **C.R. ENGLAND, INC., a Utah** | ) | |
| **Corporation, EDUARDO** | ) | |
| **HAMRICO, an individual, et al.,** | ) | |
| | ) | |
| **Defendants,** | ) | |
| | ) | |
| **C.R. ENGLAND, INC., a Utah** | ) | |
| **Corporation, EDUARDO** | ) | |
| **HAMRICO, an individual,** | ) | |
| | ) | |
| **Third-Party Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MOHAMMAD HAJI MOHAMUD,** | ) | |
| **an individual, FAF, INC., a Tennessee** | ) | |
| **corporation, SHAHID AFZAL,** | ) | |
| **an individual, TRANS EMERGE** | ) | |
| **TRANSPORT, INC., a Canadian** | ) | |
| **Corporation, SURINDER PAL** | ) | |
| **SINGH, an individual, and** | ) | |
| **MORINDA TRANSPORT, INC., a** | ) | |
| **California Corporation,** | ) | |
| | ) | |
| **Third-Party Defendants.** | ) | |

1

**ORDER**

Before the Court is third-party defendant FAF, Inc.'s ("FAF") Motion for Summary Judgment (Doc. No. 83). Third-party plaintiffs C.R. England, Inc. and Eduardo Hamrico (collectively, "Third-Party Plaintiffs" or "C.R. England") have failed to file a responsive brief. The matter is therefore ripe for decision. For the reasons set out below, the Court GRANTS FAF's motion.

This matter originates from a series of accidents between tractor-trailer trucks on Interstate 40 East near Weatherford, Oklahoma, after a winter storm in the early morning hours of January 14, 2017. Doc. No. 83 at 2. The first accident occurred at approximately 2:23 a.m. near mile marker 80 when a truck, operated by Surinder Singh and owned by Morinda Transport Inc., struck a semi-trailer operated by Shadid Afzal and owned by Trans Emerge Transport, Inc. *Id*. Mr. Afzal's vehicle rolled off the highway, and Mr. Surinder Singh's tractor-trailer jackknifed to a stop off the shoulder of I-40. Doc. No. 83-1 at 4.

In a separate accident, at approximately 3:25 a.m., roughly two miles away near mile marker 78, Eduardo Hamrico, driving a truck owned by C.R. England, collided with a semi-trailer operated by Gursewalk Singh and owned by Shubh Transport, Inc. Doc. No. 83 at 2. This accident left both vehicles jackknifed and blocking most of Eastbound I-40. Doc. No. 83-2 at 4.

A third accident occurred roughly at 3:43 a.m. when Plaintiff Gideon Njuguna Gachohi attempted to navigate his truck through the wreck of Mr. Hamrico and Mr. Gursewalk Singh's accident. Doc. No. 83 at 3. He was unsuccessful and hit both men's trucks before coming to a rest on the shoulder of I-40. *Id*.  A truck following Mr. Gachohi's

vehicle, operated by Ranjit Grewal and owned by Allstate Freight Systems, Inc., similarly was unable to navigate between the wreckage and hit Plaintiff's cab. *Id*. The cab separated from the rest of the tractor-trailer, and Mr. Gachohi was pronounced dead at the scene. *Id*.

At approximately the same time, Mohamed Haji Mohamud lost control of his truck, owned by FAF, and he jackknifed to a stop without hitting any other vehicles. Doc. No. 83-4 at 4. This accident took place west of the other incidents described above. Doc. No. 83 at 3. Because FAF was not involved in Plaintiff's fatal accident, FAF now moves this Court to grant summary judgment and find the Third-Party Plaintiffs have no claim for contribution or indemnity.

The Court should grant summary judgment when the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Under the summary judgment standard, a mere factual dispute will not preclude summary judgment; instead, there must be a genuine issue of material fact." *Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). The party seeking summary judgment bears the burden of demonstrating the basis for its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). A fact is material if it affects the disposition of the substantive claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). When considering a summary judgment motion, the Court must view the evidence and draw all reasonable inferences in

the light most favorable to the nonmoving party. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1225 (10th Cir. 2000).

If a party does not support its own asserted facts or address the moving party's asserted facts, a court may "consider the fact undisputed for purposes of the motion[,] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[,] or issue any other appropriate order." Fed. R. Civ. P. 56(e). C.R. England's failure to respond to FAF's Motion for Summary Judgment slightly alters the Court's consideration of the motion. According to the Tenth Circuit, "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Rather, courts must still consider whether summary judgment is appropriate under Rule 56. However,

> [b]y failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

*Id.* Therefore, the Court must, in this instance, accept all asserted and properly supported facts asserted by FAF as true, and then consider whether FAF is entitled to summary judgment.

FAF argues that Oklahoma law allows only several liability. Doc. No. 83 at 9 (citing 23 O.S. § 15(A)). Therefore, it could only be liable to the Third-Party Plaintiffs if those parties paid more than their pro rata share of the damages award. *Id*. FAF contends that

there are no facts that demonstrate C.R. England has been forced to pay more than its pro

rata share, or that it is likely to do so should the Court grants FAF's summary judgment

motion. *Id*. at 10. Additionally, FAF contends that its presence in this case is not necessary

for a jury to properly apportion liability. *Id*. (citing *Myers v. Missouri Pacific R. Co.*, 52

P.3d 1014, 1030 (Okla. 2002). Accordingly, FAF concludes that C.R. England has no claim

for contribution from FAF and that the Third-Party Plaintiffs' claim should be dismissed

as a matter of law. *Id*. at 11.

Next, FAF argues that C.R. England's indemnification claim fails as a matter of law.

It contends indemnity generally occurs in Oklahoma law where one party has a primary

liability or a duty that requires that party bear the whole burden of a tort action. *Id*. at 11

(citing *Thomas v. E-Z Mart Stores Inc.*, 102 P.3d 133, 139 (Okla. 2004). Such a duty may

arise out of a contractual duty or implied vicarious liability, which FAF argues the evidence

does not support. *Id*. (citing *Nat'l Union Fire Ins. Co. v. A.A.R. W. Skyways, Inc.*, 784 P.2d

52, 54 (Okla. 1989). In short, FAF argues that there needed to be some sort of legal

relationship in existence before the accidents at issue between itself and the Third-Party

Plaintiffs for them to be entitled to indemnity. *Id*. at 12. It further contends that the evidence

does not support the existence of such a legal relationship. *Id*. FAF concludes that it is

accordingly not subject to an indemnity claim pursuant to Oklahoma law. *Id*. at 13.

Contribution allocates loss among joint tortfeasors, W. Prosser, *The Law of Torts*

§ 50 (4th ed. 1971), and its application is governed in Oklahoma by statute. 12 O.S.

§ 832(A) creates a right of contribution among "two or more persons [who] become jointly

or severally liable in tort for the same injury to person or property." But as § 832(B)

explains, contribution is only appropriate where a defendant has paid more than its apportioned share of liability:

> The right of contribution exists only in favor of a tort-feasor who has paid more than their pro rata share of the common liability, and the total recovery is limited to the amount paid by the tort-feasor in excess of their pro rata share. No tort-feasor is compelled to make contribution beyond their pro rata share of the entire liability.

When the statute speaks of a "pro rata share," it simply means "proportionate, as based on one's degree of fault." *Nat'l Union Fire Ins. Co. v. A.A.R. Western Skyways, Inc.*, 784 P.2d 52, 57 (Okla. 1989). In short, contribution is appropriate only when a joint or concurrent tortfeasor is forced to pay for more than his proportional share of liability.

As an initial matter, even if C.R. England could demonstrate FAF was partially at fault for Plaintiff's death, it has provided no evidence that it has paid, or will be likely to pay, more than its fair share of damages if its claims against FAF are dismissed. 23 O.S. § 15 abolished this possibility when it adopted several liability as the only appropriate way to apportion damages pursuant to Oklahoma law.[1] Furthermore, the Oklahoma Supreme Court has made it clear that "the negligence of tortfeasors not parties to the lawsuit should be considered by the trial jury in order to properly apportion the negligence of those tortfeasors who are parties." *Myers v. Missouri Pacific R. Co.*, 52 P.3d 1014, 1030 (Okla. 2002) (quotation marks and citation omitted). This rule specifically exists to protect parties, like Third-Party Plaintiffs, from being liable for a "ghost tortfeasor['s]" negligence. *Id. See also Thomas*, 102 P.3d at 139. Therefore, dismissing C.R. England's contribution claim

---

[1] The statute reads in the relevant part "In any civil action based on fault and not arising out of contract, the liability for damages caused by two or more persons shall be several only and a joint tortfeasor shall be liable only for the amount of damages allocated to that tortfeasor." 23 O.S. § 15.

will not increase its liability. Consequently, the Court GRANTS FAF's Motion for Summary Judgment regarding C.R. England's contribution claim.

Third-Party Plaintiff's indemnification claims also falters as a matter of law. While contribution apportions pro rata shares among joint or concurrent tortfeasors, indemnification shifts the entire loss. W. Prosser, *The Law of Torts* § 51 (4th ed. 1971). In short, there is no piecemeal indemnification. Instead, "[t]he general rule of indemnity is that one without fault, who is forced to pay on behalf of another, is entitled to indemnification." *Nat'l Union Fire*, 784 P.2d at 54. This right to indemnification may arise in two ways: "out of an express (contractual) or implied (vicarious) liability." *Id*. Furthermore, "Oklahoma case law has always premised this right of indemnity on the understanding that a legal relationship exists between the parties." *Id*.; *see also Sinclair Oil Corp. v. Texaco, Inc.*, 94 F. App'x 760, 768 (10th Cir. 2004) (rejecting the contention that Oklahoma indemnification law does not require a legal relationship between the parties).

Here, it is clear there was no express indemnity agreement between FAF and C.R. England. Accordingly, Third-Party Plaintiffs' claim is only valid if it arises from common law. However, there is simply no case law that establishes some sort of legal relationship requiring indemnity between two separate carriers involved in two separate accidents during a winter storm. As this Court has previously held, "'a claim for indemnification cannot form the legal relationship upon which a claim for indemnification must be based. The legal relationship must have existed before the potential indemnification claim arose.'" *Loos v. Saint-Gobain Abrasives, Inc.*, No. CIV-15-411-R, 2016 WL 5017335 at *6 (W.D. Okla. Sept. 19, 2016) (quoting *White Elec. Services, Inc. v. Franke Food Service Systems*,

Inc., 2010 WL 1542575, *2 (N.D. Okla. Apr. 15, 2010).  In sum, as found by the Oklahoma Supreme Court, in the case of allegedly joint or concurrent tortfeasors with no preexisting legal relationship and the same duties owed to the injured party, "no right of indemnity exists on behalf of either against the other." *National Union Fire*, 784 P.2d at 55. Such is the claim here, and therefore, the Court GRANTS FAF's Motion for Summary Judgment.

**IT IS SO ORDERED** this 27th day of January 2022.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE